ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  02-40086-01-JAR |
| ) | 04-3051-JAR |
| JOSE MACIAS, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## **ORDER**

The Court now initially considers defendant/petitioner Jose Macias's Motion under 28 U.S.C. § 2255 to Vacate Sentence (Doc. 41 ).  28 U.S.C. section 2255 provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1]   The Court will conduct an evidentiary hearing on the discrete issue of ineffective assistance of counsel due to counsel's failure to file a notice of appeal.[2]

Additionally, Rule 8(c) of the Rules governing section 2255 proceedings mandates appointment of counsel if an evidentiary hearing on the motion is required.  Because an evidentiary hearing is

---

[1]  28 U.S.C. § 2255.

[2]  *See United States v. Garrett*, __F.3d__, No. 03-6176, 2005 WL 768761, at *4 (10th Cir. Apr. 6, 2005).

1

warranted in this case, this Court will appoint counsel to represent petitioner at the hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that:

1.  An evidentiary hearing is warranted on the issue of ineffective assistance of counsel for failing to file a notice of appeal; and

2.  The Court appoints counsel to represent petitioner at the evidentiary hearing under 28 U.S.C. § 3006A.

IT IS SO ORDERED.

Dated this 13th day of April 2005.

    S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**