ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02-40086-01-JAR |
| | ) | 04-3051-JAR |
| JOSE MACIAS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Jose Macias filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 41), arguing that that his counsel was ineffective during his suppression hearing, and at sentencing. In his Motion to Supplement Section 2255 Motion (Doc. 45), Macias argues that his sentence should also be vacated in light of the Supreme Court's decision in *Blakely v. Washington*.[1] In that supplemental brief, he also argues that counsel was ineffective for failing to file an appeal in his case. The government responded to both motions and submitted that his arguments are precluded by an appeal and collateral attack waiver in the plea agreement. The government further responded that *Blakely* was inapplicable because it is not retroactive to Macias's case. It argues that even if Macias did not waive his right to collaterally attack his sentence, he fails to establish ineffective assistance of counsel on the merits.

---

[1] 542 U.S. 296 (2004).

1

The Court appointed counsel for Macias and held evidentiary hearings on March 6 and March 27, 2006 on the discrete issue of whether counsel failed to file a notice of appeal in this case, despite assuring Macias that he would. The Court granted defendant another opportunity to brief that issue subsequent to the hearing and he has now filed that post-hearing brief (Doc. 71).

The Court finds that the waiver of collateral attack in Macias's plea agreement bars his ability to challenge counsel's effectiveness at the suppression hearing or at sentencing. Furthermore, Macias is unable to show that counsel improperly ignored a request to file an appeal in this matter. After Macias originally filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment. Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court further denies the motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the decisions were handed down on June 24, 2004 and January 12, 2005, respectively.

## I. Procedural Background

On November 4, 2002, Macias pleaded guilty to four counts of a five-count Indictment charging him with possession with intent to distribute approximately 503 grams of methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, possession with intent to distribute approximately five kilograms of marijuana, and possession of a firearm with an altered or obliterated serial number. Macias signed a plea agreement that states that he understood that he faced a fifteen-year mandatory minimum sentence for the offenses of conviction.[3] The plea agreement further states that Macias understood that any

---

[2] 543 U.S. 220 (2005).

[3] 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A).

"recommendations by the government as to the sentence to be imposed do not bind the Court . . . ."  The plea agreement includes a waiver of appeal and collateral attack.  Under this provision of the plea agreement, Macias "expressly waives the right to appeal his sentence, directly or collaterally, attack, on any ground except for: (1) an upward departure by the sentencing judge; (2) a sentence in excess of the statutory maximum; or (3) a sentence in violation of law apart from the Sentencing Guidelines.  The defendant expressly waives the right to appeal or collaterally attack by post-conviction motion all other issues."  Macias also signed a Petition to Enter Plea that attested that the plea was made freely and voluntarily.

At the plea hearing, Macias testified through a Spanish-speaking interpreter.  He stated on the record that he did not receive any promises or assurances that would have induced him into signing the plea agreement, other than what was contained in the agreement itself.[4]  He assured the Court that the decision to plead guilty was made voluntarily of his own free will.  The Court asked Macias at this hearing: "are you satisfied with the advice and counsel that you've received from Mr. Boaten?"  Macias responded in the affirmative.[5]

The Court imposed Macias's sentence on February 10, 2003.  Under the Guidelines, the Court assigned Macias an offense level of 34 and a criminal history category of I, resulting in an applicable sentencing range of 151 to 211 months.  This Court sentenced Macias to 151 months on the methamphetamine count, a consecutive 60 month sentence on the first firearm count, and a concurrent 60 month sentence on the marijuana and second firearm count.  This resulted in a total sentence of 211 months.  Macias did not directly appeal his conviction or sentence, but now asks the Court to vacate this sentence, arguing that it is unconstitutional under recent Supreme

---

[4]Doc. 49 at 6.

[5]Doc. 49 at 17.

Court decisions and because his counsel was ineffective.

## II. Analysis

### A. Waiver of Appeal

The Court must first determine if Macias waived his right to collateral relief under his plea agreement. The government urges the Court to enforce the waiver of appeal and collateral attack in the plea agreement. A waiver of appeal and collateral attack is generally enforceable in this circuit, so long as "the waiver is expressly stated in the plea agreement and [] both the plea and the waiver were knowingly and voluntarily made."[6] The Tenth Circuit utilizes a three-prong test to resolve appeals brought by defendants who have waived their appellate and collateral rights in a plea agreement.[7] The Court must determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[8]

Macias advances six arguments in his petition: (1) counsel was ineffective because he failed to call a certain witness during the suppression hearing; (2) counsel was ineffective because he failed to obtain a reduction of Macias's offense score for acceptance of responsibility; (3) counsel was ineffective because he failed to object to the enhancement of Macias's offense score for the proximity of a firearm to the drugs in question; (4) counsel was ineffective because he failed to consult with defendant regarding an appeal; (5) counsel was ineffective because he falsely assured him that he would appeal the sentence; and (6) his

---

[6]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[7]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

[8]*Id.*

4

sentence is unconstitutional under *Blakely*.

## 1. Scope

The Court must strictly construe the waiver in the plea agreement "and any ambiguities in the[] agreement[] will be read against the Government and in favor of defendant's appellate rights."[9]  The waiver in this case states that Macias explicitly waives his right to appeal or collaterally attack his sentence except on the following grounds, "(1) an upward departure by the sentencing judge; (2) a sentence in excess of the statutory maximum; or (3) a sentence in violation of law apart from the Sentencing Guidelines."  The court must construe this language according to "contract principles and what the defendant reasonably understood when he entered his plea."[10]  All of the issues raised by Macias in his section 2255 petition clearly fall within the scope of the waiver of appellate and collateral rights and Macias does not argue otherwise.

Moreover, in order for a section 2255 petition to survive waiver of collateral attack, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[11]  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside this category are waivable."[12]  The claims here all fall outside this category of ineffective assistance claims because they all involve counsel's performance either at the suppression hearing, the sentencing hearing, or in failing to file an appeal.

## 2. Knowing and Voluntary Waiver

---

[9]*Id.* (quoting *United States v. Andis*, 333 F.3d 886, 890–92 (8th Cir. 2003)).

[10]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1205 (10th Cir. 2004).

[11]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[12]*Id.*

Macias makes no claim that either his plea or the waiver of rights in the plea agreement was not knowing and voluntary.[13]  Petitioner's waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[14] The waiver here is explicitly stated in the plea agreement and Macias's answers during the plea colloquy on the record show that he was informed as to his potential sentence, the waiver of rights, and that he was satisfied with advice of counsel.  He stated that he understood the sentencing range and that his attorney advised him of the implications of pleading guilty. Macias is "bound by his solemn declarations in open court."[15]

### 3.  Miscarriage of Justice

Enforcement of a waiver will not result in a miscarriage of justice unless it would result in one of four situations: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."[16]

Macias argues that his counsel, Henry Boaten, was ineffective at the suppression hearing, at sentencing, and in failing to appeal.  The only claim that may survive the waiver of collateral attack is his argument that Boaten failed to file an appeal on his behalf, as discussed in the next section.  The remaining claims of ineffective assistance of counsel fall within the waiver in the

---

[13]The Court acknowledges that Macias implied during his testimony at the evidentiary hearing that he only pled guilty because his attorney told him to.  Even if the Court were to consider this argument, which is not found in any of petitioner's many filings, the Court finds that his statements on the record during the plea colloquy belie this claim.

[14]*Cockerham*, 237 F.3d at 1183.

[15]*Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[16]*Hahn*, 359 F.3d at 1327.

6

plea agreement and do not meet any of the grounds for a finding of a miscarriage of justice if the waiver is enforced.  As already discussed, none of Macias's claims of ineffective assistance of counsel concern the negotiation of the waiver of rights in the plea agreement, or any aspect of the plea agreement for that matter.

### B.  Counsel's Failure to File an Appeal

One of Macias's ineffective assistance of counsel claims is that Boaten failed to file an appeal on his behalf, despite assuring him that he would after his sentencing hearing.  The Court ordered an evidentiary hearing on this issue, citing the Tenth Circuit decision in *United States v. Garrett*,[17] which appears to be controlling.  The issue presented in that case was: "whether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had knowingly and willingly waived his right to appeal in a plea agreement."[18]

In *Garrett*, the court first discussed the duty of counsel to file a notice of appeal.  When counsel in fact consults with the defendant about an appeal and then fails to follow the defendant's express instructions to file a notice of appeal, counsel per se acts in a manner that is unreasonable and presumptively prejudicial.[19]  If counsel does not file the notice of appeal, then the defendant is entitled to a new appeal, regardless of whether the appeal would have any merit.[20]

As to the waiver in Garrett's plea agreement, the Tenth Circuit stated that although his:

---

[17]402 F.3d 1262 (10th Cir. 2005).

[18]402 F.3d at 1264.

[19]*Id.* at 1265 (citing *Roe v. Flores-Oretega*, 528 U.S. 470, 477–78 (2000); *United States v. Snitz*, 342 F.3d 1154 (10th Cir. 2003)).

[20]*Id.*

> [A]ppellate rights have been significantly limited by his waiver, []
> the waiver does not foreclose all appellate review of his sentence.
> If Mr. Garrett actually asked counsel to perfect an appeal, and
> counsel ignored the request, he will be entitled to a delayed appeal.
> This is true regardless of whether, from the limited perspective of
> collateral review, it appears that the appeal will not have any
> merit.[21]

Here, Macias attaches an affidavit to his supplemental 2255 memorandum stating:
"Immediately after my sentencing hearing, counsel Boaten and an interpreter saw me very
briefly, in the holding cell for less than five minutes (5mins (sic)). . . . At that brief visit Counsel
informed me in no uncertain terms that he was unhappy with my sentence and that he will appeal
it. . . . I have not had any other correspondence or communication from Counsel Henry Boaten
Esq., since the day of my sentencing hearing."[22]  Further, Macias testified at the evidentiary
hearing that when he met with Boaten immediately following the sentencing hearing, Boaten
told him he did not agree with the sentence and proposed an appeal.  Macias remembers Boaten
advising that he had one or two years to appeal.  Macias testified that he figured out while he
was in prison that no appeal had been filed about one year after his sentence became final.  At
that point, he asked his mother to obtain his court file from Boaten.

Also, Macias's mother testified that she contacted Boaten to obtain Macias's court file in
March 2004.  She also testified that she and her daughter, who interpreted, spoke with Boaten
outside the courthouse after Macias's sentencing.  She remembers Boaten telling them that they
could present an appeal within one to three years.

Boaten testified that he remembered advising Macias that if he chose to plead guilty, he
would not be able to appeal the denial of the suppression motion.  Further, Boaten testified that

---

[21]*Id.* at 1267 (citations omitted).

[22]Doc. 46 (emphasis in original).

he did not recall ever assuring Macias that he would appeal any part of his conviction or sentence.  He recalled arguing at the sentencing that Macias was entitled to a reduction in offense level for accepting responsibility, but the Court overruled and denied that objection to the Presentence Report.  Although he remembered meeting with Macias after that hearing, he categorically denied that Macias either requested an appeal or that he proposed filing one.  Therefore, the Court must resolve this factual dispute.

The Court finds that there is insufficient evidence to support Macias's contention that Boaten failed to follow his instructions and file an appeal in this matter.  First, the Court notes that the record is devoid of evidence that Macias explicitly requested Boaten file an appeal.  His only contention is that Boaten was upset by the Court's decision not to grant Macias credit for acceptance of responsibility and told him that he would appeal, yet failed to do so.  But, Boaten testified that he had already explained to Macias that if he chose to plead guilty, he would not be able to appeal.  He also testified that he never assured Macias that he would file an appeal after the sentencing hearing, or at any other time.  Furthermore, both Macias and his mother recall Boaten telling them they had one to three years to file this appeal, which is not the applicable deadline for filing a notice of appeal.[23]  Therefore, the Court finds that Macias did not ask Boaten to file an appeal and Boaten did not either ignore a request to file an appeal or propose an appeal himself.  Therefore, Macias is not entitled to a delayed appeal under *Garrett*.

### C.  Retroactivity of Blakely

---

[23]*See* Fed. R. App. P. 4(b)(1)(A) (providing 10 day time limit for filing Notice of Appeal from entry of judgment).  The Court suspects that this conversation may have been about the time limits for filing a habeas petition under section 2255, which is one year.  28 U.S.C. § 2255.

Macias argues that his sentence is unconstitutional under *Blakely v. Washington*.[24]  Even if this argument fell outside the waiver of rights, or the waiver was otherwise unenforceable, his argument fails.  *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[25]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[26] which is not necessarily the same as the maximum punishment possible under statute.[27]  On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts had grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[28]  The Supreme Court resolved this issue in *United States v. Booker*.[29]  In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington

---

[24]It could be argued that Macias did not in fact raise a *Blakely* challenge.  Macias wrote a letter to Ralph De Loach, clerk of the court, asking to supplement his 2255 petition.  In that letter he stated: "I have investigated the effect of the new Supreme Court case <u>Blakely v. Washington</u>, 2004 LEXUS [sic] 4573 [June 24, 2004], and it appears to make my sentencing issues on Petition moot."  (Doc. 44.)

[25]530 U.S. 466, 490 (2000).

[26]*Blakely*, 542 U.S. at 302 (emphasis in original).

[27]*Id.* at 305.

[28]*See id.* at 323–25 (O'Connor, J., dissenting).

[29]543 U.S. 220 (2005).

state scheme did in *Blakely*.[30]  Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[31]  Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider them along with the sentencing goals set forth in 18 U.S.C. § 3553(a).[32]  The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[33]

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral review.[34]  The Tenth Circuit also has determined that neither *Blakely* nor *Booker* apply retroactively to initial motions under 28 U.S.C. § 2255.[35]  Although the Court granted Macias's motion to supplement his section 2255 motion, it concludes that *Blakely* does not apply to his case, as his conviction is now final and on collateral review.[36]

**IT IS THEREFORE ORDERED BY THE COURT** that Macias's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 41) is **DENIED**.

IT IS SO ORDERED.

Dated this 12th day of April 2006.

---

[30]*Id.* at 224–25 (Stevens, J.).

[31]*Id.* at 245, 259 (Breyer, J.).

[32]*Id.* at 259.

[33]*Id.* at 261.

[34]*Leonard v. United States*, 383 F.3d 1146, 1147–48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4–5 (10th Cir. Dec. 16, 2004).

[35]*United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

[36]Macias's judgment was entered on February 24, 2003 and was final ten days later when his time to appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Therefore, his judgment was final before the Court's decision in *Blakely* on June 24, 2004.

11

__S/ Julie A. Robinson__
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**