ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  02-40086-01-JAR |
| | ) | 04-3051-JAR |
| JOSE MACIAS, | ) | |
| | ) | |
|     Defendant/Petitioner. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

This matter is before the Court on petitioner's Request for Certificate of Appealability (Doc. 77).  In a Memorandum and Order (Doc. 72) dated April 12, 2006, the Court denied petitioner's motion pursuant to 28 U.S.C. § 2255.  Petitioner now seeks authorization to appeal the Court's denial of his § 2255 motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255."[1]  Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[2]  The Court denied relief as to all claims on substantive grounds, therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1]28 U.S.C. § 2253(c)(1)(B).

[2]28 U.S.C. § 2253(c)(2).

1

wrong."[3]   Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[5]

Petitioner only seeks a COA on one issue addressed in this Court's Memorandum and Order: whether trial counsel for petitioner, Henry Boaten, was constitutionally ineffective for failing to file a notice of appeal in his criminal case.[6]  The basis for petitioner's appeal is that the Court failed to properly consider whether Boaten consulted with petitioner on the advantages and disadvantages of appeal.  According to defendant, *Roe v. Flores-Oretega*[7] dictates that the Court not only consider whether counsel Boaten ignored petitioner's request to file an appeal, but also whether Boaten even consulted with petitioner about an appeal.

The Court finds that neither *Flores-Ortega* nor *Garrett* support petitioner's argument that the Court erred by not considering whether Boaten consulted with petitioner about an appeal. Petitioner suggests that the Court should have evaluated whether counsel consulted with the defendant *after* it found that the defendant did not specifically request that counsel file an appeal. The Supreme Court stated in *Roe*:

> We employ the term "consult" to convey a specific meaning—
> advising the defendant about the advantages and disadvantages of

---

[3]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[4]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[6]The Court found that this issue was largely governed by *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005).

[7]528 U.S. 470 (2000).

taking an appeal, and making a reasonable effort to discover the defendant's wishes. *If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal*. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.[8]

Petitioner confuses the guidance in *Roe*. A finding that counsel did not fail to follow the defendant's express instructions with respect to an appeal subsumes that counsel consulted with the defendant.

Further, this Court specifically found Boaten's testimony credible on this matter. This testimony included his recollection that he spoke with Macias about how the guilty plea affected appealing the sentencing in this matter.[9] The Court additionally found Boaten's testimony credible that Macias did not ask him to file an appeal and that Boaten did not assure him that he would file one. Moreover, Macias's testimony that he asked Boaten to file a notice of appeal necessarily suggests that Boaten consulted with him about an appeal.

In *Garrett*, the Tenth Circuit synthesized the requirements set forth in *Roe* with respect to filing a notice of appeal, with the summary procedure in this Circuit for appeals made despite the presence of a waiver of appeal and collateral attack in the plea agreement.[10] This Court properly found that under the standards set forth in *Garrett*, petitioner could not establish that counsel was

---

[8]*Id.* at 479 (emphasis added).

[9]The only example of an appealable issue the petitioner provides in his motion is the denial of an adjustment at sentencing for acceptance of responsibility.

[10]*See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

3

ineffective for failing to file an appeal where defendant had knowingly and willingly waived his

right to appeal in a plea agreement.  Therefore, reasonable jurists could not debate or find wrong

the Court's constitutional assessment that petitioner did not receive ineffective assistance of

counsel.  Upon review of petitioner's COA application and brief, the Court concludes that he has

failed to make the requisite showing and declines to issue the COA.

      **IT IS THEREFORE ORDERED BY THE COURT** that Macias's Request for

Certificate of Appealability (Doc. 77) is **DENIED**.

      **IT IS SO ORDERED.**

Dated this 11ᵗʰ day of July 2006.


        **S/ Julie A. Robinson**

        **JULIE A. ROBINSON**
        **UNITED STATES DISTRICT JUDGE**